Min. William E. Brown Jr. #K56116
P.O. Box 7500 ASU/PBSP
Crescent City, Ca 95532

**FILED**

MAR 03 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

William E. Brown, Jr. (K.A.G.E.)
Plaintiff

V.

Robert Losocco CRM, Warden C.E. Ducart,
LT. Amis R, LT. Kirby, Alex Valuiski, Cindy
Fox, C/O J. Taylar, C/O L. Gutierrez, LT. T.
Buchanan et al  Defendants

No. CV16 603

MOTION FOR THE APPOINTMENT OF COUNSEL OR ASSIGNMENT TO (Ashker v. Gov) Monitor, and Legal Mediation Team et al. regarding The Agreement To End All Hostilities etc.
42 U.S.C. §1983 / 42 U.S.C. §1981 pers 2

PLAINTIFF BROWN PURSUANT TO §1915, REQUESTS THIS COURT TO APPOINT COUNSEL TO REPRESENT HIM IN THIS CASE FOR THE FOLLOWING REASONS.

1. THE PLAINTIFF IS UNABLE TO AFFORD COUNSEL
2. THE ISSUES INVOLVED IN THIS CASE ARE COMPLEX
3. THE PLAINTIFF, AS A SEGREGATION INMATE, HAS EXTREMELY LIMITED ACCESS TO THE LAW LIBRARY.
4. OVER 30 DAYS AGO, THE PLAINTIFF WROTE LETTERS TO THREE ATTORNEYS ASKING THEM TO HANDLE HIS CASE BUT HE HAS NOT HEARD FROM ANY OF THEM.
5. THE PLAINTIFF HAS A LIMITED KNOWLEDGE OF THE LAW.

WHEREFORE, THIS HONORABLE COURT SHOULD APPOINT COUNSEL TO REPRESENT THE PLAINTIFF.

///
////

1

DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

BROWN STATES:

1. I AM THE PLAINTIFF IN THE ABOVE-ENTITLED CASE. I MAKE THIS DECLARATION IN SUPPORT OF MY MOTION FOR THIS APPOINTMENT OF COUNSEL.

2. THE COMPLAINT IN THIS CASE ALLEGES THAT THE PLAINTIFF WAS SUBJECTED TO THE MISUSE OF FORCE BY SEVERAL CORRECTIONAL OFFICERS, SOME OF WHOM ACTIVELY BEAT THE PLAINTIFF WHILE OTHERS WATCHED AND FAILED TO INTERVENE. IT ALLEGES THAT SUPERVISORY OFFICIALS WERE AWARE OF THE VIOLENT PROPENSITIES OF SOME OF THE OFFICERS AND ARE LIABLE FOR FAILING TO TAKE ACTION TO CONTROL THEM. THE PLAINTIFF WAS SUBSEQUENTLY DENIED DUE PROCESS IN A DISCIPLINARY HEARING BY A HEARING OFFICER AND THE APPEAL WAS DENIED BY THE WARDEN.

3. THIS IS A COMPLEX CASE BECAUSE IT CONTAINS SEVERAL DIFFERENT LEGAL CLAIMS, WITH EACH CLAIM INVOLVING A DIFFERENT SET OF DEFENDANTS.

4. THE CASE INVOLVES MEDICAL ISSUES THAT MAY REQUIRE EXPERT TESTIMONY.

5. THE PLAINTIFF HAS DEMANDED A JURY TRIAL.

6. THE CASE WILL REQUIRE DISCOVERY OF DOCUMENTS AND DEPOSITIONS OF A NUMBER OF WITNESSES.

7. THE TESTIMONY WILL BE IN SHARP CONFLICT, SINCE THE PLAINTIFF ALLEGES THAT THE DEFENDANTS ASSAULTED HIM, WHILE THE DEFENDANTS IN THEIR DISCIPLINARY REPORTS ASSERTED THAT HE ASSAULTED THEM.

8. THE PLAINTIFF HAS ONLY A HIGH SCHOOL EDUCATION AND HAS NO LEGAL EDUCATION.

9. THE PLAINTIFF HAS SINCE BEEN TRANSFERRED AND IS NOW SERVING A SENTENCE IN MENTAL HEALTH SEGREGATION. FOR THIS REASON HE HAS VERY LIMITED ACCESS TO LEGAL MATERIALS AND HAS NO ABILITY TO INVESTIGATE THE FACTS OF THE CASE, FOR EXAMPLE BY LOCATING AND INTERVIEWING OTHER INMATES WHO WERE EYEWITNESSES TO HIS CLAIM.

2

10. As set forth in the memorandum of law submitted with this motion, these facts, along with the legal merit of plaintiff's claims support the appointment of counsel to represent the plaintiff.

Wherefore, the plaintiff's motion for appointment of counsel should be granted.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Sign this 29th day of 2, 2016

Sign _____

"Memorandum of Law in Support of Plaintiff's Motion for the Appointment of Counsel"

## Statement of the Case

This is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner and asserting claims for the unconstitutional misuse of force, the denial of due process in subsequent disciplinary proceedings, and the denial of medical care for injuries inflicted during the misuse of force. The plaintiff seeks damages as to all claims and an injunction.

## Statement of Facts

(See: Attachment Titled: Exhibit ( ) State the facts in here then moved to argument)

## Argument

### The Court Should Appoint Counsel for the Plaintiff

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991)(citation omitted). In addition, courts have suggested that the most important factor is whether the case appears to have merit. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Each of these factors weighs in favor of appointment of counsel in this case.

1. Factual Complexity. The plaintiff alleges that several correctional officers physically abused him, while others stood by and watched. He also asserts that certain prison supervisors were on

3

notice of the violent propensities of some of those officers and did nothing about them. The sheer number of claims and defendants makes this a factually complex case.

2. THE PLAINTIFF'S ABILITY TO INVESTIGATE. The plaintiff is locked up in mental health segregation and has no ability to investigate the facts. For example, he is unable to identy identify, locate and interview the inmates who saw some or all of the misuse of force. He is in the same situation with regard to developing the facts as an inmate who has been transferred to a different institution, a factor that several courts have cited in appointing counsel. See Tucker v. Randall, 948 F.2d 288, 391-92 (7th Cir. 1991); Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988). In addition, this case will require considerable discovery concerning the identity of witnesses, the officers' reports and statements about the incident, any prior history of misuse of force by the officers, see Parha Parham v. Johnson, 126 F.3d 454, 459 (3d Cir. 1997)(holding counsel should have been appointed because "prisoner's lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering the defendant's discovery tactics ... these [discovery] rules prevented [the plaintiff] from presenting an effective case below.")

3. CONFLICTING TESTIMONY. The plaintiff's account of his beatings by officers is squarely in conflict with the statements of the officers. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses as can be located). The existence of these credibility issues supports the appointment of counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996); Gatson v. Coughlin, 679 F.Supp. at 273.

4. THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM. The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. See Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir. 1997). In addition, he is confined to mental health segregation with very limited access to legal materials. See Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992)(citing lack for ready access to a law library as a factor supporting appointment of counsel).

5. LEGAL COMPLEXITY. The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. See Hendricks v. Coughlin, 114 F.3d 390, 394 (2d Cir. 1997)(holding complexity of supervisory liability supported appointment of counsel). In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. See Solis v. County of Los Angeles, 514 F.3d 946, 958 (9th Cir. 2008)(prisoner with eighth grade education and no legal training is "ill suited" to conduct a jury trial).

4

6. MERIT OF THE CASE: THE PLAINTIFF'S ALLEGATIONS, IF PROVED, CLEARLY WOULD ESTABLISH A CONSTITUTIONAL VIOLATION. THE UNPROVOKED AND INJURIOUS BEATING ALLEGED IN THE COMPLAINT CLEARLY STATES A EIGHTH AMENDMENT VIOLATION. SEE HUDSON V. MCMILLIAN, 503 U.S. 1, 112 S.Ct. 995 (1992) ON ITS FACE, THEN, THIS IS A MERITORIOUS CASE.

## CONCLUSION

FOR THE FOREGOING REASONS, THE COURT SHOULD GRANT THE PLAINTIFF'S MOTION AND APPOINT COUNSEL IN THIS CASE.

DATE 2-29-16

NAME [signature] M.N. William E. Brown Jr.

ADDRESS P.O. Box 7500 ASU P.B.S.P. Crescent City, Ca 95532

- I Contribute To Peace editor @ sfbayview.com (2015)

CDCR # T58106
P.O. Box 7500 PBSP
Crescent City Ca 95532

In Pro Per

U.S. Dist Court Northern Dist of California

IN RE:

William E. Brown Jr

Petitioner,

on Habeas Corpus.

CASE NO. _____

ORIGINAL CASE NO. CV16-603

REQUEST FOR APPOINTMENT OF COUNSEL AND DECLARATION OF INDIGENCY 42 U.S.C. §1983 and 42 U.S.C. §1981 etc. Per §2. Badges and incidents violated (AEDPA)

I, William E. Brown Jr (m.m.) declare that I am a petitioner to the above-referenced matter, that I am incarcerated at PBSP IV/180, and that I am indigent and unable to afford counsel. My total assets are $ Ø and my income is $ Ø per month.

I hereby request that counsel be appointed in this matter so that my interests may be protected by the professional assistance required. In addition, when a court issues an order to show cause, counsel must be appointed for an indigent petitioner who requests counsel. California Rules of Court, Rule 4.551 (c)(2).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 2-29-16.

/s/ _____
Petitioner

PELICAN BAY STATE PRISON
UNIT B-7

William E. Brown Jr #T58106
P.O. Box 7500 PBSP ASU
Crescent City, Ca 95532

U.S. Dist Court Northern Dist of California

William E. Brown, Jr
       Plaintiff
   V.
Robert Losocco PBSP CRM,
PBSP Warden C.E. Ducart,
Chaplain Alex V. LT. R. Amis
et al      Defendants

Case # CV16-603
{ Face sheet For state
{ ment of facts. For
{ Appointment for Counsel
{ or refer to (Ashker V. Gov)
{ Monitors.
{ 42 U.S.C. § 1983 and
{ 42 U.S.C. § 1981 etc.
{ per § 2. (Badges and
{ incidents violated (AEDPA)

## FACE SHEET FOR STATEMENT OF FACTS

- Plaintiff Asserts The following Defendants Named are Being Sued in their individual Capacity and at All times they are named as responsible Actors Acting under the color of the law.

A.) Staff Involved Acted or knew of The following Concerted efforts in Collusion imposed upon Plaintiff Character via a Campaign of Harassment with the "evil" or putrid intent to retaliate, use force, and violated other Const. Due process In violation of The Agreement of the Case regarding (Ashker v. Gov) Case # 4:09-CV-05796-CW etc.

B.) Robert Losocco Pelican Bay State Prison Community Resource Manager (CRM), Warden C.E. Ducart of (PBSP), Chaplain Alex Valnisk1, PBSP LT. R. Amis, LT. L. Kirby, LT. J. Berg, Sgt. M. Powers, C/o J. Dickerson, C/o J. Taylor, C/o L. Gutierrez, C/o A. Maylin, C/o S. Nelson, C/o S. Rexford, C/o C. Salas, LVND. Morinski, LCSW Cindy Fox, LT. T. Buchanan, C/o Trevino retired AS Black, LT. Kevin Bond Retired ASU, C/o M. Senior, Senior Law Library Staff E. MC Cumsey, facility Captain K.C. Getz, LT. Frisk of ASU, et al

C.) These officials knew of or participated or failed to Act when:
- Plaintiff 1st, 2nd, 4th, 5th, 6th, 8th, 13th, 14th U.S. Const.
California Const. Universal Declaration of Human Rights, U.N. Mandela Rules, (Ashker v. Gov) Agreement.
- "Badges and incidents per § 2." 42 U.S.C. § 1981
Triggered (AEDPA) violations Based on Plaintiffs Race and religion or promoting The Agreement. These officials have engaged in a Campaign of Harassment, used excessive Force, Retaliated and Fabricated reports to "uphold" Blue & Green Wall Code of Silence Against "New Afrikan" Plaintiff and The United K.A.G.E. Brothers & Sisters (Religious Activity Group) To promote The Agreement To End All Hostilities

Date: 2-29-16

/s/ [signature]