UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>C. E. DUCART, et al.,<br><br>        Defendants. | Case No. 16-cv-00603-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; ADDRESSING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 7, 8, 14, 15, 16, 18 |

**INTRODUCTION**

Plaintiff William E. Brown, an inmate at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. By separate order, plaintiff has been granted leave to proceed *in forma pauperis*. For the reasons stated below, the complaint is dismissed with leave to amend.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1)-(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original) (internal quotations and citations omitted).  Although a complaint does not need detailed factual allegations [in order to state a claim], . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.     Legal Claims

In the portion of the complaint where the inmate is to write his statement of the claim, plaintiff wrote:

> 1st and 14th Amendment based on (1) Retaliation, for Plaintiff invoking his 1st Amendment protected right to petition or redress the gov. (2) Racial Discrimination (3) Religious Infringement or free Exercise Clause (4) Equal Protection Due Process clause. (see: Hillary R. Clinton i.e. AEDPA-REFORM Attach) 8th Amendment violation (1) illegal Excessive use of force (2) Threats of Water Board "which led to stomach infection," and other threats or Racial Slurs Made Against Plaintiff and His Members of United K.A.G.E Brothers & Sisters Antihostility Group (Religious Activity Group) (3) Medical, Mental Health deliberate indifference (4) false imprisonment via SHU (false STG' 115 or Retainment) (5) illegal strip search triggered (4th & 13th Amendment violation) (6) CDCR, PBSP et al intent to trigger Anti-terrorist Effective Death Penalty Act (AEDPA) violation  See: Attached Hillary R. Clinton (AEDPA-Reform) refer to (Ashker v. Gov) litigants etc.

Compl. at 3.

The Court cannot discern what facts plaintiff is basing his claims on.  Plaintiff's allegations fail to state clearly what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation.  For the most part, plaintiff attaches grievances, court filings, and other documents to his complaint, apparently as a

way to explain his problem. The Court will not read through exhibits to piece together a claim for a plaintiff who has not pled one. The lack of detail prevents the Court from determining which claims deserve a response and from whom, and also prevents individual defendants from framing a response to the complaint.

The Court will dismiss the complaint with leave to amend. In his amended complaint, plaintiff must specifically identify what each named defendant did or did not do with regard to each separate claim. Sweeping conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff is advised that a plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997). Unrelated claims against different defendants belong in different suits.

The amended complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.

C.   Motions for Injunctive Relief

Plaintiff has filed two motions for a temporary restraining order (dkt. nos. 8, 18) and one motion for a preliminary injunction (dkt. no. 15). Federal Rule of Civil Procedure 65 sets forth the

procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Because defendants have not yet been served in this action and plaintiff has not provided evidence showing that defendants have received notice of this action, the motion for a preliminary injunction is DENIED without prejudice to renewing after defendants have been served in this action.

A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Because plaintiff has not indicated that he has made any effort to give notice to defendants or argue that notice should not be required, the motions for a TRO are DENIED without prejudice to renewing with the requisite showing described above.

Plaintiff's motion for an extension of time to submit evidence in support of his request for a TRO (dkt. no. 16) is DENIED as unnecessary.

D.   Motions for Extension of Time

Plaintiff's motions for extensions of time to submit documentary evidence (dkt. nos. 14, 17) are also DENIED as unnecessary. Plaintiff may submit documentary evidence with his amended complaint if he wishes.

E.   Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel (dkt. no. 7), is DENIED without prejudice for lack of exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

//

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. If plaintiff can cure the pleading deficiencies described above, he shall file a FIRST AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 16-0603 HSG (PR)) and the words FIRST AMENDED COMPLAINT on the first page. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

2. Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the Court. *See Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc).

3. Plaintiff's motions for preliminary injunctive relief are DENIED without prejudice.

4. Plaintiff's motions for extensions of time are DENIED as unnecessary.

5. Plaintiff's motion for appointment of counsel is DENIED without prejudice.

6. It is plaintiff's responsibility to prosecute this action. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

This order terminates Docket Nos. 7, 8, 14, 15, 16, and 18.

**IT IS SO ORDERED.**

Dated: 7/1/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge