UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. BROWN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C. E. DUCART, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-00603-HSG (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff William E. Brown, an inmate at Pelican Bay State Prison ("PBSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed with leave to amend, and he has filed an amended complaint, which is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Legal Claims

According to the amended complaint, plaintiff is a minister affiliated with the United Kings Against Genocidal Environments ("KAGE") religious community. KAGE was recognized by the prison as a "religious activity group," and was allowed to use the PBSP Facility A chapel for assembly. Beginning in or around January 2015, however, PBSP defendants correctional officer Espinoza and lieutenant R. Amis confiscated the group's religious materials and denied them the right to religious assembly. Defendant Robert Losacco, the PBSP Community Resource Manager, has directed that plaintiff will not be permitted to assemble within the prison chapel until he changes his "religious ideology," as well as the name of his group. In the meantime, other religious groups have been permitted to assemble without any similar requirement.

Giving it the liberal construction to which it is entitled, the pro se amended complaint states cognizable claims for violation of plaintiff's First Amendment right to the free exercise of religion, First Amendment Establishment Clause, Fourteenth Amendment equal protection rights, and rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C.

§ 2000cc-1. The complaint adequately links defendants Espinoza, Amis, and Losacco to the claims.

The amended complaint also asserts claims against various other PBSP officials and correctional officers for denial of access to courts, retaliation, and excessive force. Such claims are not properly joined with the religious practices claims. Federal Rule of Civil Procedure 20(a) provides that multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." The additional claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences as those that form the basis for the religious practices claims, and do not present questions of law or fact common to all defendants in the religious practices claims. The denial of access to courts, retaliation, and excessive force claims therefore are dismissed without prejudice to plaintiff alleging them in a separate action or actions.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint, liberally construed, states cognizable religious practices claims under § 1983. The Clerk shall add Officer Espinoza as a defendant on the docket in this action. The Clerk shall terminate C.E. Ducart, J. Taylor, Lt. Kurby, Alex Valuiski, Cindy Fox, L. Gutieriez, and T. Buchanan as defendants on the docket in this action.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint with all attachments thereto, and a copy of this order upon defendants **Officer Espinoza, R. Amis,** and **R. Losacco** at **Pelican Bay State Prison**.

A courtesy copy of the amended complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendants must file

1  and serve a motion for summary judgment or other dispositive motion. If defendants are of the
2  opinion that this case cannot be resolved by summary judgment, defendants must so inform the
3  Court prior to the date the motion is due. A motion for summary judgment also must be
4  accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what
5  is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
6  2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be
7  served concurrently with motion for summary judgment). A motion to dismiss for failure to
8  exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice.
9  *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

10              b.      Plaintiff's opposition to the summary judgment or other dispositive motion
11 must be filed with the Court and served upon defendants no later than **28 days** from the date the
12 motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment
13 provided later in this order as he prepares his opposition to any motion for summary judgment.
14 Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-
15 exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

16              c.      Defendants **shall** file a reply brief no later than **14 days** after the date the
17 opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No
18 hearing will be held on the motion.

19      4.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the
20 Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must
21 do in order to oppose a motion for summary judgment. Generally, summary judgment must be
22 granted when there is no genuine issue of material fact – that is, if there is no real dispute about
23 any fact that would affect the result of your case, the party who asked for summary judgment is
24 entitled to judgment as a matter of law, which will end your case. When a party you are suing
25 makes a motion for summary judgment that is properly supported by declarations (or other sworn
26 testimony), you cannot simply rely on what your complaint says. Instead, you must set out
27 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
28 as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and

4

documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 12/29/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge