UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>R. AMIS, et al.,<br><br>    Defendants. | Case No. 16-cv-00603-HSG (PR)<br><br>**ORDER GRANTING MOTION FOR TEMPORARY STAY; GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME; DENYING PLAINTIFF'S PENDING MOTIONS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 29, 30, 32 |

       On February 4, 2016, plaintiff William E. Brown, a state prisoner presently incarcerated at Salinas Valley State Prison, filed this civil rights action under 42 U.S.C. § 1983 regarding incidents that took place at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. On December 29, 2016, the Court screened plaintiff's first amended complaint and found that, liberally construed, it stated cognizable religious practice claims. The action was ordered served on three defendants at PBSP, who have now appeared through counsel.

       On January 19, 2017, plaintiff filed a motion for a temporary stay. In the motion, plaintiff represents that he is undergoing criminal proceedings in Del Norte County Superior Court and that his counsel in those proceedings has initiated an inquiry into plaintiff's competency to stand trial in light of plaintiff's psychiatric condition. Plaintiff seeks a stay of this action while he undergoes competency proceedings in his criminal case. No opposition having been filed thereto, and good cause appearing, plaintiff's motion for a temporary stay is GRANTED.

       The instant action is hereby STAYED. Defendants' motion for an extension of time to file a dispositive motion is GRANTED. The briefing schedule set forth in the Court's December 29, 2016 order is VACATED. If plaintiff intends to proceed with his claims, he shall file, within

1  **thirty (30)** days of the date the competency proceedings have concluded, a motion asking the
2  Court to lift the stay. The Court will then issue a new briefing schedule for dispositive motions.
3      Plaintiff's remaining motions are DENIED without prejudice to re-filing after the stay is
4  lifted.
5      The Clerk is directed to terminate all pending motions and ADMINISTRATIVELY
6  CLOSE the case pending the stay. This has no legal effect; it is purely a statistical procedure.
7      This order terminates Docket Nos. 29, 30, and 32.
8      **IT IS SO ORDERED.**
9  Dated:   3/31/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge