UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. BROWN,<br>　　　　　Plaintiff,<br>　　v.<br>R. AMIS, et al.,<br>　　　　　Defendants. | Case No. 16-cv-00603-HSG (PR)<br><br>**ORDER REOPENING ACTION**<br>Re: Dkt. No. 36 |

On February 4, 2016, plaintiff William E. Brown, a state prisoner presently incarcerated at California State Prison–Sacramento, filed this civil rights action under 42 U.S.C. § 1983 regarding incidents that took place at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. On December 29, 2016, the Court screened plaintiff's first amended complaint and found that, liberally construed, it stated cognizable religious practice claims. The action was ordered served on three defendants at PBSP.

By order filed March 3, 2017, the Court granted plaintiff's request to stay the instant action pending resolution of competency proceedings related to a criminal case brought against him in Del Norte County Superior Court. In said order, the Court advised plaintiff that within thirty days of the date the competency proceedings were concluded, he could file a motion asking the Court to lift the stay.

Plaintiff has filed a motion requesting to proceed on his claims, which the Court construes as a motion to lift the stay. Plaintiff does not indicate whether competency proceedings have

concluded. It is nonetheless apparent that plaintiff seeks to proceed with this action. Accordingly, the action will be reopened.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's request to lift the stay is GRANTED, and the Clerk shall reopen the file.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable in the Court's December 29, 2016 order of service. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified *Wyatt* notice in light of *Albino*. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

4. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates Docket No. 36.

**IT IS SO ORDERED.**

Dated: 6/20/2017

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge