UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. BROWN,<br>　　　　Plaintiff,<br>　　v.<br>R. AMIS, et al.,<br>　　　　Defendants. | Case No. 16-cv-00603-HSG (PR)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>Re: Dkt. Nos. 44, 45 |

Plaintiff, an inmate at California State Prison, Los Angeles County, filed a pro se first amended complaint for damages under 42 U.S.C. § 1983 alleging violation of his religious rights at Pelican Bay State Prison, where he was previously incarcerated. The Court found that, when liberally construed, plaintiff's allegations appear to state cognizable claims under § 1983 for violation of plaintiff's First Amendment right to the free exercise of religion, First Amendment Establishment Clause rights, Fourteenth Amendment equal protection rights, and rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Defendants Espinoza, Amis, and Losacco were ordered served. They have filed a motion to dismiss and for summary judgment.

Plaintiff has filed a motion to amend the complaint to name additional defendants. Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given "when justice so requires." In considering whether to grant or deny a motion seeking leave to amend a complaint, the district court may consider whether there is bad faith, undue delay, prejudice to the opposing party, futility in the amendment, and whether the plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Civil Local Rule 10-1 provides

that any party moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference.

Plaintiff has not included with his motion a proposed second amended complaint. Parties may not file piecemeal complaints or amendments that contain portions of claims and defendants. Therefore, plaintiff's motion is DENIED for this reason. However, denial is without prejudice to filing another motion submitted with a proposed second amended complaint. Plaintiff is cautioned that, because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint or first amended complaint by reference. If plaintiff decides to file another motion to amend with a proposed second amended complaint, he must do so within **thirty-five (35)** days from the filing date of this order. Defendants shall file an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed. If plaintiff wishes to file a reply, he must do so within **fourteen (14)** days of the date the opposition is filed.

Plaintiff has also filed a request for an extension of time to file an opposition to defendants' motion to dismiss and for summary judgment. Good cause appearing, the request is GRANTED. The Court will set a new dispositive motion briefing schedule after ruling on plaintiff's renewed motion to amend his complaint. If plaintiff decides not to file another motion to amend his complaint, he must file his opposition to defendants' motion to dismiss and for summary judgment within **thirty-five (35)** days from the filing date of this order. Defendants' reply is due **fourteen (14)** days thereafter.

The Court notes that plaintiff has filed a set of interrogatories and a request for production of documents. Plaintiff is advised that the Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy being sent to the Court. *See* Fed. R. Civ. P. 5(d)(1) (listing discovery requests and responses that "must not" be filed with the Court until they are used in the proceeding or the Court orders otherwise). In sum, plaintiff must send discovery requests directly to defense counsel and not to

2

the Court.

The Clerk is directed to correct the spelling of defendant Losacco's name on the court docket by substituting "Losacco" for "Iosacco."

This order terminates Docket Nos. 44 and 45.

**IT IS SO ORDERED.**

Dated: 10/25/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge