| | |
|---|---|
| WILLIAM E. BROWN, <br> Plaintiff, <br> v. <br> R. AMIS, et al., <br> Defendants. | Case No. 16-cv-00603-HSG (PR) <br><br> **ORDER DENYING RENEWED MOTION FOR LEAVE TO AMEND COMPLAINT; DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br><br> Re: Dkt. Nos. 52, 53 |

Plaintiff, an inmate at California State Prison, Los Angeles County, filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed with leave to amend on the grounds that the claims were difficult to discern, and there were a wide variety of claims that were improperly joined, in violation of Federal Rule of Civil Procedure 20(a). On October 3, 2016, plaintiff filed an amended complaint alleging violation of his religious rights at Pelican Bay State Prison, where he was previously incarcerated. The Court found that, when liberally construed, plaintiff's allegations appear to state cognizable claims under § 1983 for violation of the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act. ("RLUIPA"), 42 U.S.C. § 2000cc-1. Defendants Espinoza, Amis, and Losacco were ordered served. On September 19, 2017, they filed a motion to dismiss and for summary judgment.

On October 19, 2017, plaintiff filed a motion for leave to amend his complaint to name additional defendants. On October 25, 2017, the Court denied plaintiff's motion without prejudice because plaintiff failed to include a proposed second amended complaint ("SAC"). The Court gave plaintiff the option to either submit a renewed motion for leave to amend with a proposed SAC or to file an opposition to defendants' motion to dismiss and for summary judgment. On November 29, 2017, plaintiff filed: (1) his opposition to defendants' motion to dismiss and for summary judgment, and (2) his renewed motion to amend the complaint. Dkt. No. 52. On

December 6, 2017, plaintiff also filed: (1) a motion to appoint counsel and an expert witness, and (2) a proposed SAC. Dkt. No. 53.

In his proposed SAC, plaintiff includes new allegations relating to the failure of prison staff to process his inmate appeals. Although states may establish grievance procedures for inmates to follow, they are not constitutionally required to do so. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Consequently, inmates do not have a due process right to a grievance procedure and a prison official's failure to follow the grievance procedure does not give rise to a due process claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison official's failure to process grievances does not state due process claim). Plaintiff's remaining allegations reintroduce various claims for deprivation of property, retaliation and excessive force, among other claims not related to the claims that have been served. Plaintiff was already cautioned that such claims are not properly joined with the religious practices claims. *See* Dkt. No. 26. Accordingly, plaintiff's renewed motion for leave to amend is DENIED.

Regarding his motion for appointment of counsel and an expert witness, plaintiff does not identify what sort of expert he wishes the Court to appoint, and the Court already denied his request for counsel for lack of exceptional circumstances. *See* Dkt. No. 20. The Court will appoint counsel (and/or an expert) on its own motion if circumstances change and it determines that such appointment is warranted.

As defendants have now filed their reply supporting their motion to dismiss and for summary judgment, the motion is hereby deemed submitted. A decision on the motion will be issued in a separate order.

This order terminates Docket Nos. 52 and 53.

**IT IS SO ORDERED.**

Dated: 1/30/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge