UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. BROWN,<br>    Plaintiff,<br>v.<br>R. AMIS, et al.,<br>    Defendants. | Case No. 16-cv-00603-HSG<br>**ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 64 |

Plaintiff, an inmate at California State Prison, Los Angeles County ("CSP-LAC"), filed a *pro se* complaint under 42 U.S.C. § 1983. Now pending before the Court is Defendants' motion pursuant to Local Rule 7-9 for leave to file a motion for reconsideration of the Court's June 28, 2018 order. Dkt. No. 64.

On June 28, 2018, the Court granted Defendants' motion to dismiss Plaintiff's injunctive relief claims, and denied Defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 63. The Court denied Defendants' summary judgment motion on the grounds that, in Grievance No. PBSP-14-2313, Plaintiff exhausted his claim regarding the prison's failure to grant KAGE the same religious accommodations as prisoners of other religious beliefs, and that Plaintiff was not required to appeal Grievance No. PBSP-14-2313 to a final level of review because he was granted the relief sought at the second level of review. Dkt. No. 63 at 7–9. The Court concluded it was therefore a disputed issue as to whether Plaintiff had exhausted his claims. *Id.* at 9.

Defendants now seek leave to file a motion for reconsideration of the June 28, 2018 order on the grounds that the order only addressed the denial of assembly claim against Defendant Losacco, but failed to address whether Plaintiff had exhausted his claims against Defendants Amis

and Espinoza (denial of assembly and confiscation of documents). Dkt. No. 64 at 2–3. Defendants argue that Grievance No. PBSP-14-2313, filed in September 2014, could not exhaust the claims against Defendants Amis and Espinoza because Defendants Amis and Espinoza's allegedly unconstitutional actions took place in January 2015.

Pursuant to Local Rule 7-9(a), before a party may file an interlocutory motion for reconsideration, the party must first obtain leave of the court. N.D. Cal. L.R. 7-9(a). In doing so, the moving party must specifically show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. L.R. 7-9(b). The Court agrees that it did not consider the following dispositive legal argument: whether Plaintiff has exhausted his claim that, in January 2015, Defendants Amis and Espinoza violated Plaintiff's constitutional rights when they denied him and his group the right to assemble and confiscated his group's religious documents. Accordingly, the Court GRANTS Defendants leave to file a motion for reconsideration to address this particular legal argument. Within fourteen (14) days of the date of this order, Defendants shall file their motion for reconsideration. Plaintiff shall file an opposition to the dispositive motion no later than twenty-eight (28) days after the dispositive motion is filed. Defendants shall file a reply brief no later than fourteen (14) days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

This order terminates Dkt. No. 64.

**IT IS SO ORDERED.**

Dated: 8/7/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge